IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSE RUBEN ROMERO ROMERO,

    Petitioner,

v.   No. 2:26-cv-00261-MLG-GBW

PAMELA BONDI, Attorney General; TODD M. LYONS, Acting Director of Immigration and Customs Enforcement; MARY DE ANDA-YBARRA, Director, El Paso Field Office, Immigration and Customs Enforcement; WARDEN OF OTERO COUNTY PROCESSING CENTER,

    Respondents.

## ORDER TO SHOW CAUSE

Petitioner Jose Ruben Romero Romero, a citizen of El Salvador, is detained at the Otero County Processing Center in Chaparral, New Mexico. Doc. 1 ¶¶ 22, 27. He seeks a writ of habeas corpus under 28 U.S.C. § 2241 directing federal immigration authorities to immediately release him from custody, or, in the alternative, to conduct a bond hearing pursuant to 8 U.S.C. § 1226(a) within three days. Doc. 1 at 27. He also requests declaratory relief; an award of attorney's fees and costs pursuant to the Equal Access to Justice Act; the issuance of an order that he not be transferred outside the District of New Mexico during this proceeding, and the issuance of an order requiring 72 hours of notice of Respondents' intent to move him. *Id.*

The Clerk's Office has electronically served Romero Romero's Verified Petition for Writ of Habeas Corpus ("Petition"), Doc. 1, on Respondents in accordance with the Standing Order filed January 28, 2026. *See* Standing Order, *In re Service of Process in Immigration Habeas Petitions Filed Pursuant to §§ 2241 et seq.*, No. 1:26-mc-00004 (D.N.M. Jan. 28, 2026); Doc. 2 (indicating electronic service was completed). The Court orders the Clerk's Office to e-mail a

1

courtesy copy of this Order to the United States Attorney's Office for the District of New Mexico ("USAO") via the Civil Immigration mailbox. Within ten business days of receiving the Order, the USAO must respond to the Petition and show cause why the Court should not grant the requested relief.

Under similar circumstances, this Court has granted requests for individualized bond hearings pursuant to 8 U.S.C. § 1226(a). *See Cortez-Gonzalez v. Noem,* No. 2:25-cv-00985-MLG-KK, 2025 WL 3485771, at *3-4, *6 (D.N.M. Dec. 4, 2025); *Gonzalez Ramos v. Dedos,* No. 1:25-cv-00975-MLG-KRS, 2025 WL 3653928, at *2-5 (D.N.M. Dec. 17, 2025); *Diaz-Cruz v. Dedos,* No. 1:25-cv-01117-MLG-JMR, 2025 WL 3628517, at *2 (D.N.M. Dec. 12, 2025). In doing so, the Court joins the "overwhelming, lopsided majority" of courts that have concluded that § 1226(a)—not § 1225(b)(2)—governs the detention of noncitizens like Romero Romero, who entered the United States in approximately 2021. Doc. 1 ¶ 23; *see, e.g.*, *Barco Mercado v. Francis*, No. 25-CV-6582, 2025 WL 3295903, at *4 (S.D.N.Y. Nov. 26, 2025) (observing that the "overwhelming, lopsided majority" of courts have rejected the interpretation that § 1225 requires mandatory detention of all undocumented noncitizens living in the United States "until their removal proceedings are completed"). Any response filed by the USAO must therefore demonstrate why the specific facts or procedural posture of this case warrant a departure from the Court's prior rulings.

If Romero Romero wishes to file a reply, he must do so within ten business days of the filing of any response. The Court will determine whether a hearing is necessary once briefing is complete.[1]

---

[1] The Court generally does not permit remote appearances, so all interested counsel must appear for hearings in person.

It is so ordered.

_____
UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA